*140
 
 Pearson, J.
 

 The plaintiff was the surety of one Harris, for an appeal from the judgment of a magistrate in favor of one Garner, upon a simple contract debt. After the appeal Harris died : and the defendant, his adminis-' trator, was made a party, and pleaded “ fully administered.” Pending this suit the defendant paid to one Sum-ney a simple contract debt of about $140 against his intestate. On the trial, the plaintiff. Garner, obtained a verdict for his debt, but the plea of “ fully administered” was found in favor of the defendant, and Garner signed judgment for his debt, and proceeded by
 
 sci.fa.
 
 to subject the real estate. But failing to get his judgment satisfied, he moved for judgment “
 
 nunc pro tunc,”
 
 which was entered against the plaintiff as surety for the appeal of the defendant’s intestate ; and the plaintiff was compelled to pay the balance due on the judgment. Whereupon he brought this suit; to which the defendant pleaded “ no assets,” and “ fully administered.” It was agreed, that if the payment to Sumney was a legal voucher as against the plaintiff’s debt, then the defendant had fully administered. But if the payment to Sumney was not a legal voucher as against the plaintiff’s debt, then the defendant had not fully administered and judgment was to be in the plaintiff’s favor. The Court was of opinion with the defendant, and the plaintiff submitted to a non-suit.
 

 We are not able to see any ground, upon which the plaintiff can object to the preference, which was given by the defendant to Sumney, by a voluntary payment of his debt, although made pending the proceedings by Garner; both were simple contract debts. The plaintiff can take no benefit from the act of 1829: which provides that a surety, who pays the debt, shall have the same priority against the assets, as the demand against his principal was entitled to, which in this case was that of a simple contract creditor.
 

 
 *141
 
 Admit, that alter the death of Harris, the defendant, as his administrator, being made a party to the suit, was at liberty to put in the plea of “ fully administered,” (which point we do not decide.) Admit also, that by a proper construction of the act of 1829, a surety paying the debt has a right to take the place of the creditor, and becomes entitled to all of his rights and priorities (a point which we do not decide,) in this case the creditor, Garner, was bound by the finding of the jury that the defendant had fully administered and so the plaintiff1 can take no benefit, if allowed to stand in his place.
 

 It ivas urged by the plaintiff’s counsel that, as he was bound as surety for the appeal, the obligation on his part' ought to be ranked as a specialty debt, if not as a debt of record ; and so had priority over and excluded all simple contract creditors. The obligation of the plaintiff was. contingent and did not bind the assets. This is fully settled. 2
 
 Car. L. R.
 
 413. 2
 
 Williams on Ex’rs.
 
 672. 2
 
 Vernon
 
 101.
 
 Miller
 
 v.
 
 Spencer,
 
 2 Murph. 281.
 

 Per Curiam. Judgment affirmed.